# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOON GROUP, INC.,[1] | ) | Case No. 21-11140 (CSS) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0167484 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOON LANDSCAPING, INC., | ) | Case No. 21-11141 (CSS) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| Tax I.D. No. 23-2793442 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOON NURSERIES, INC., | ) | Case No. 21-11142 (CSS) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-1668411 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOON SITE MANAGEMENT, INC., | ) | Case No. 21-11143 (CSS) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| Tax I.D. No. 23-1920250 | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Moon Group, Inc. (7484); Moon Landscaping, Inc. (3442); Moon Nurseries, Inc. (8411); Moon Site Management, Inc. (0250); Moon Wholesale, Inc. (3232); and Rickert Landscaping, Inc. (3988). The Debtors' headquarters and mailing address is 145 Moon Road, Chesapeake City, MD 21915. A description of the Debtors and their respective businesses is set forth in the Declaration of John Pursell, Jr. in support of First Day Pleadings (the "First Day Declaration") filed on the petition date.

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOON WHOLESALE, INC., | ) Case No. 21-11144 (CSS) |
| | ) |
| Debtor. | ) |
| Tax I.D. No.  23-2793232 | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| RICKERT LANDSCAPING, INC., | ) Case No. 21-11145 (CSS) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No.  23-1733988 | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF THEIR RELATED
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Moon Group, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion.

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of their related chapter 11 cases; and (b) granting related relief.  Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of Moon Group, Inc. and that these chapter 11 cases be administered under the following caption:

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOON GROUP, INC., et al.,[1] | ) Case No. 21-11140 (CSS) |
| | ) |
|     Debtors. | ) (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Moon Group, Inc. (7484); Moon Landscaping, Inc. (3442); Moon Nurseries, Inc. (8411); Moon Site Management, Inc. (0250); Moon Wholesale, Inc. (3232); and Rickert Landscaping, Inc. (3988). The Debtors' headquarters and mailing address is 145 Moon Road, Chesapeake City, MD 21915. A description of the Debtors and their respective businesses is set forth in the Declaration of John Pursell, Jr. in support of First Day Pleadings (the "First Day Declaration") filed on the petition date.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of the case of Moon Group, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Moon Landscaping, Inc., Moon Nurseries, Inc., Moon Site Management, Inc., Moon Wholesale, Inc., and Rickert Landscaping, Inc. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-11140 (CSS).

### Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The bases for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

## Background

7.  Information about the Debtors' business and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of John Pursell, Jr. in support of the Debtors' First Day Pleadings, which is incorporated herein by reference.

## Basis for Relief

8.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The six Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

9.  Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

>An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

10.     Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors.  *See, e.g., In re Highpoint Resources Corp.,* No. 21-10565 (CSS) (Bankr. D. Del. March 16, 2021) (directing joint administration of a chapter 11 case); *In re Extraction Oil and Gas, Inc.,* No. 20-10548 (CSS) (Bankr. D. Del. July 16, 2020) (same); *In re APC Automotive Technologies Intermediate Holdings, LLC,* No. 20-11466 (CSS) (Bankr. D. Del. June 3, 2020) (same); In re Akorn, Inc., No. 20-11177 (KBO) (Bankr. D. Del. May 20, 2020) (same); *In re Longview Power, LLC, et al.,* No. 20-10951 (BLS) (Bankr. D. Del. Apr. 15, 2020) (same); *In re Bluestem Brands, Inc.,* No. 20-10566 (MFW) (Bankr. D. Del Mar. 10, 2020) (same).

11.     Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  The Debtors operate as an integrated business with common ownership and control.  The Debtors also share financial and operational systems.  As a result, many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity.  Joint administration will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will also allow the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Notice

13. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Utilities; (c) counsel for the Debtors' prepetition secured lenders; (d) the United States Attorney for the District of Delaware; (e) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (f) the Internal Revenue Service; and (g) all parties entitled to notice pursuant to Local Rule 9013-1(m) via electronic or overnight mail, as appropriate. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

14. No prior request for the relief sought in this motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 13, 2021
      Wilmington, DE 19801

**SULLIVAN ♦ HAZELTINE ♦ ALLINSON LLC**

*/s/ William A. Hazeltine*
William D. Sullivan (DE Bar No. 2820)
William A. Hazeltine (DE Bar No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Telephone: (302) 428-8191
Email: bsullivan@sha-llc.com
       whazeltine@sha-llc.com

- and -

**KURTZMAN | STEADY, LLC**
Jeffrey Kurtzman, Esquire (*pro hac vice* pending)
555 City Avenue, Suite 480
Bala Cynwyd, PA 19004
Telephone: (215) 839-1222
Facsimile: (609) 482-8011
Email: kurtzman@kurtzmansteady.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*